IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-52-BO-1
No. 5:17-CV-47-BO

MICHAEL ANTWAN WILLIAMS, )
    Petitioner, )
)     O R D E R
v. )
)
UNITED STATES OF AMERICA, )
    Respondent. )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 115, 118]. The government has moved to dismiss the petition, [DE 125], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On October 4, 2007, petitioner pleaded guilty, pursuant to a written plea agreement, to mailing a threatening communication, in violation of 18 U.S.C. § 876(b). [DE 69]. On March 24, 2008, petitioner was sentenced to a total of 188 months' imprisonment. [DE 78]. Petitioner filed an appeal, but later voluntarily dismissed that appeal. Petitioner also filed a petition under 18 U.S.C. § 2255, which was denied. [DE 110, 111].

On September 28, 2015, petitioner filed this second petition under 18 U.S.C. § 2255. [DE 118]. Petitioner argues in this § 2255 motion that his designation as a career offender under the Federal Sentencing Guidelines was improper due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). [DE 118 at 4]. The government responded, arguing that the motion should be dismissed for failure to state a claim upon which relief can be

granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 125].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to

2

another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

However, and in contrast to the ACCA, the Supreme Court has held that the Federal Sentencing Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."). Moreover, the Fourth Circuit Court of Appeals has recognized that a challenge to the application of the sentencing guidelines is not cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d 931, 931 (4th Cir. 2015), *cert. denied* 135 S.Ct. 2850 (2015) ("[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error."). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. If the alleged sentencing error is neither constitutional nor jurisdictional, the district court lacks authority to review it unless it is "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333 (1974).

Petitioner's challenge to the residual clause found in § 4B1.2 of the Guidelines as being unconstitutionally vague is without merit. *Beckles*, 137 S. Ct. 886. Additionally, petitioner does not allege, nor is there any indication in the record, of such a miscarriage of justice that would warrant collateral review of his sentencing. Instead, it is axiomatic that "errors or guideline

3

interpretation or application ordinarily fall short of a miscarriage of justice," *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999), and "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *Foote*, 784 F.3d at 932–33).

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 125] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 115, 118] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ___ day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4